BEFORE THE SECOND DIVISION, JUNE 20, 1945

**No. 50277.**—Protest 92605–K of George E. Butler Co. (San Francisco).

TILSON, Judge: In this suit the plaintiff's claim is limited to "Resistance boxes," four in number, three "110 volt" and one "220 volt," four charthouse receivers, and six registers. The resistance boxes were classified as "* * * any mechanism, device, or instrument intended or suitable for measuring * * * distance, speed * * *" and "Parts for any of the foregoing," and duty was assessed thereon at the rate of 65 percent ad valorem plus 3 cents for each part, each box being counted as six parts, under paragraph 368 (a) (c) (3), Tariff Act of 1930. The charthouse receivers and registers were classified as ships' logs, suitable for measuring distance, valued at more than $10 each, and were assessed with duty at $2.25 each, plus 32½ percent ad valorem under said paragraph 368 (a) (1) and (2), as amended by the British Trade Agreement, T. D. 49753.

The plaintiff claims the merchandise to be properly dutiable as follows:

Four resistance boxes at 32½ percent under paragraph 368, as amended by T. D. 49753, or at 17½ percent under paragraph 353 of the act of 1930, as amended by T. D. 49753; the four charthouse receivers at 32½ percent under paragraph 368, as amended by T. D. 49753, or at 45 percent under paragraph 397, Tariff Act of 1930; and the six registers at 32½ percent under paragraph 368, as amended by T. D. 49753. By amendment it is also claimed that:

The merchandise is dutiable as parts of ship's logs at 32½% under par. 368 (c) (1) or at 22½% under par. 368 (c) (6) or at 65% plus 3 cents for each part or piece of material under par. 368 (c) (3).

The above rates under par. 368 (c) (6) and 368 (c) (1) are provided for in the trade agreement with the United Kingdom, T. D. 49753.

Plaintiff's only witness explained that:

A log is a device for measuring the number of nautical miles traveled through the water * * *. It is accomplished by towing a rotator on a line about 300 feet behind the vessel, and the revolutions of this rotator are registered on a special register or clock * * * the revolution of the rotator turns the line, and that is transmitted to the clock * * * clocks are sometimes called registers.

The witness further testified on direct examination as follows:

Q. Now, will you describe in general, Mr. Orrisch, what I have called the make-up of let's say, first, the registers? What kind of a mechanism is it?—A. Well, it is a direct gear mechanism working like a speedometer. Even though it is a clock, because it has a hand like a clock and a dial like a clock. There is a brass casing enclosing these gears, ball-bearings on the shafts.

Q. Are the charthouse receivers the same so far as the nature of the mechanism is concerned?—A. Yes, they are the same with the exception that they have a small coil which is energized by the ship's voltage and moves the hand up one notch at a time.

Q. Whereas your register, it is energized by the movement of the line, is that the difference there?—A. Well, not energized. It is operated and energized. The little contact trips over ever so many revolutions.

Q. And the remaining article on there, resistance boxes; is there any other way of describing or telling us what that is?—A. Well, it is simply resistance, electric resistance in a heavy waterproof brass box for ship board, to use, simply to cut the voltage down to the 8 volts required on these logs.

The witness further testified in substance that a regular ship log is complete without the charthouse receiver, and that the receiver merely takes to the charthouse the information which is registered on the log; that the resistance boxes are specially made for a ship log, and that while they could be used elsewhere to reduce or transform electric energy to a lower voltage, "these are made in tremendously heavy boxes, waterproofed, and they would be much too expensive to use as an ordinary resistance"; that the register is attached to the taffrail, which is the extreme rear rail of the vessel, and the reading is communicated to the charthouse "by an electric impulse set up in contacts in the electric log register" by means of a wire which is run through a resistance box to reduce the ship's voltage.

We find from an examination of the record that the same is not sufficient to overcome the presumption of correctness attaching to the classifications of the collector or to establish any of the claims made by the plaintiff. All claims in this suit are therefore overruled. Judgment will be rendered accordingly.